Filed 10/10/14  City of Palm Springs v. Original Grass Hopper CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| CITY OF PALM SPRINGS, | |
| Cross-complainant and Respondent, | E058243 |
| v. | (Super.Ct.No. RIC1209192) |
| ORIGINAL GRASS HOPPER, INC., | OPINION |
| Cross-defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.  Affirmed.

Law Offices of James DeAguilera and James DeAguilera for Cross-defendant and Appellant.

Woodruff, Spradlin & Smart, Jason M. McEwen and Jennifer L. Radaich for Cross-complainant and Respondent.

The trial court granted cross-complainant and respondent City of Palm Springs (City) a preliminary injunction.  The injunction prohibits cross-defendant and appellant Original Grass Hopper, Inc. (Grass Hopper) and Carolyn Hernandez (Hernandez) from

1

"possessing, cultivating, or distributing marijuana from the property located at 3700 Vista Chino, Palm Springs, California, (the 'Property') or otherwise using the Property as a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider, or from conducting, allowing, permitting, inhabiting, leasing, renting, or otherwise using or granting the authority to use said Property in such a manner."

Grass Hopper[1] contends the word "collective" has no legal meaning and therefore, per a dictionary definition, "collective" refers to any business that results in the injunction being overly broad because it infringes on Grass Hopper's First Amendment rights of speech and association. For example, Grass Hopper asserts the injunction improperly prohibits it from participating in educational and/or promotional activities. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On June 15, 2012, Grass Hopper sued City and requested declaratory relief. In its complaint, Grass Hopper alleged it facilitates or coordinates medical marijuana transactions amongst its members, and that it does not purchase marijuana from, or sell to, non-members. Grass Hopper requested the trial court determine whether Grass Hopper was operating within the requirements of the Palm Springs Municipal Code.

On December 14, City moved the trial court for a preliminary injunction. City requested Grass Hopper, Hernandez, "and all of their respective officers, managers,

---

[1] Hernandez was not included on the notice of appeal, and therefore is not an appellant in this case. (See Cal. Rules of Court, rule 8.100(a)(1) ["an appellant must serve and file a notice of appeal"].)

agents, servants, employees, aiders, abettors, successors, and other related persons or entities acting with them and/or on their behalf [be enjoined] from possessing, cultivating, or distributing marijuana from the property located at 3700 East Vista Chino, Palm Springs, California, (the 'Property') or otherwise using the Property as a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider, or from conducting, allowing, permitting, inhabiting, leasing, renting, or otherwise using or granting the authority to use said Property in such a manner."

City asserted the preliminary injunction should be granted because Grass Hopper was "illegally operating (or permitting the operation of) marijuana distribution facilities in the City without a valid regulatory permit and in violation of the Palm Springs Municipal Code and Palm Springs Zoning Code . . . ." City asserted operating a marijuana dispensary, cooperative, or collective without a permit was a nuisance per se under City's municipal and zoning codes. City explained that its zoning code allowed for a total of three medical marijuana collectives or cooperatives to operate within the city. There was a 90-day application period for the three permits, and Grass Hopper never applied.

Attached to City's motion was the declaration of City's Director of Planning Services, Craig Ewing (Ewing), who oversees City's Planning Department. Ewing declared he "reviewed the City's records with respect to the applications submitted for regulatory permits to operate a medical marijuana cooperative or collective pursuant to [Palm Springs Zoning Code] section 93.23.15 et seq. from April 3, 2009 to the present date and attest[ed] that no such permit application was submitted by or on behalf of the

3

marijuana facility known as the Original Grass Hopper, Inc. located at 3700 East Vista Chino, in Palm Springs, California." Ewing further declared a regulatory permit for a medical marijuana cooperative or collective was never issued to Grass Hopper.

Also attached to City's motion was the declaration of a City Code Compliance Officer, Nadine Fieger (Fieger). Fieger declared that in the course of her job she became aware that Grass Hopper was operating as a "marijuana distribution facility." Fieger's conclusion was based upon visiting Grass Hopper's business location on September 17, 2012. Fieger cited the "smell, signage, and literature available" during her visit as supporting her conclusion that Grass Hopper was distributing marijuana. Fieger found a website, legalmarijuanadispensary.com, which included information about Grass Hopper, such as its address, hours of operation, customer reviews, and a marijuana "menu." City included a printout of the webpage with its motion.

City also included a declaration from Hernandez, which had been made in support of a requested preliminary injunction against City. In the declaration, Hernandez asserted she is the director of Grass Hopper. Hernandez declared (1) Grass Hopper's members are ill and have medical marijuana prescriptions, and (2) the members will suffer harm if Grass Hopper closes because "the collective itself will have to cease operations (dispensing medications)."

Grass Hopper opposed the motion. Grass Hopper asserted the Supreme Court had not yet decided whether cities could ban marijuana dispensaries and therefore the

4

relevant area of law was uncertain. Grass Hopper asserted allowing only two[2] dispensaries in a city is akin to a ban on dispensaries, and due to the uncertainty in the law related to banning dispensaries, City could not establish a likelihood of prevailing on the merits.[3]

In City's reply, it asserted the Supreme Court was considering municipal regulations that banned dispensaries—the court was not considering regulations that permitted, but limited, dispensaries. City asserted the Supreme Court's forthcoming opinion would not be relevant to the instant case, since City had not banned dispensaries.

The trial court held a hearing on the motion on January 10, 2013. The trial court said its tentative ruling was to grant the motion because it did not appear Grass Hopper had a permit from City, and therefore, City was likely to prevail. Also, there was an irreparable harm in Grass Hopper being a nuisance by violating the ordinance.

Grass Hopper's attorney, Mr. DeAguilera, said he "tried to frame that a ban of more than two is still ban of those in excess of two." The trial court said it found the "ban" argument to be unpersuasive. DeAguilera then said, "The larger issue is as to whether two meets constitutional muster and equal protection as a basis or whatever test

---

[2] City's Municipal Code allows for three (rather than two) medical marijuana collective permits to be issued. (Palm Springs Municipal Code § 93.23.15(F).) However, a prior version of City's Municipal Code allowed for a maximum of two permits.

[3] On May 6, 2013, the Supreme Court held cities may ban medical marijuana dispensaries. (*City of Riverside v. Inland Empire Patients Health and Wellness Center, Inc.* (2013) 56 Cal.4th 729, 752.)

we want to use.  It's going to have to wait [for] another day.  We're not ready for that one today."  The trial court granted City's motion for a preliminary injunction.

The language of the order is set forth *ante*, but for reference, the order provides Grass Hopper and Hernandez "and all of their respective officers, managers, agents, servants, employees, aiders, abettors, successors, and other related persons or entities acting with them and/or on their behalf are hereby enjoined from possessing, cultivating, or distributing marijuana from the property located at 3700 Vista Chino, Palm Springs, California, (the 'Property') or otherwise using the Property as a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider, or from conducing, allowing, permitting, inhabiting, leasing, renting, or otherwise using or granting the authority to use said Property in such a manner."

## DISCUSSION

Grass Hopper asserts the word "collective" in the injunction has no legal meaning.  Grass Hopper asserts a dictionary definition of "collective" means "'a business, farm, etc. jointly owned and operated by the members of a group.'"  Grass Hopper contends the word "collective" in the injunction causes the injunction to be overly broad by enjoining it from participating in educating people about the benefits of medical marijuana and promoting medical marijuana.  Grass Hopper asserts the injunction violates its First Amendment rights of speech and association by creating a "complete ban on any and all activities of the collective."

At the outset, there are several issues with Grass Hopper's contention.  First, Grass Hopper fails to explain how the First Amendment rights of speech and association

6

apply to this issue since Grass Hopper is a corporation.  For example, Grass Hopper fails to explain if its activities related to medical marijuana are political.  (See *Citizens United v. Federal Election Commission* (2009) 558 U.S. 310, 342 ["political speech does not lose First Amendment protection 'simply because its source is a corporation'"].)  Grass Hopper asserts its activities "are more informing of private decisions, it is association and speech related to and important matter of public interest and this entitles to more protection [*sic*]."  Since Grass Hopper combines private and public matters in its discussion, it is difficult to infer if its activities are political, therapeutic, or something else.  As a result, it is unclear how the First Amendment applies in this case.

Second, Grass Hopper did not raise a First Amendment argument in the trial court, despite the language of the requested injunction being included with City's motion.  "'Under familiar general rules, theories not raised in the trial court may not be raised for the first time on appeal.' [Citation.]"  (*San Diego Mun. Employees Assn. v. Superior Court* (2012) 206 Cal.App.4th 1447, 1462.)  The exception to this general rule is purely legal issues.  (*Ibid.*)  Thus, we could not determine the applicability of the First Amendment to Grass Hopper (a corporate entity) because we would need evidence that the speech is political or somehow otherwise protected under the First Amendment.

Third, Grass Hopper did not provide evidence in opposition to City's motion for a preliminary injunction.  Therefore, it is pure speculation that the injunction is prohibiting Grass Hopper from engaging in educational and/or promotional activities.  Thus, there is no means by which this court can know if a decision in this matter

7

actually affects Grass Hopper in a meaningful way. We could only speculate that Grass Hopper is engaging in activities other than marijuana distribution. For example, in Hernandez's declaration in support of an injunction against City, she declared that if City's ordinance were enforced against Grass Hopper then Grass Hopper would "have to cease operations (dispensing medications)." Hernandez did not mention Grass Hopper having any other activities as part of its "operations," e.g. educational or promotional activities. This is problematic because courts "do not resolve abstract questions of law but rather address only issues that 'are presented on a factual record' [citation]." (*Verdugo v. Target Corp.* (2014) 59 Cal.4th 312, 316, fn. 1.)

Nevertheless, despite the foregoing issues, we will address the merits of Grass Hopper's contention. We will assume (1) the First Amendment is applicable to Grass Hopper, and (2) Grass Hopper engages in speech activities that have been affected by the injunction. We address whether the word "collective" is prohibiting Grass Hopper from engaging in educational or promotional activities. Since we are interpreting words in an order, we apply the de novo standard of review. (*Millennium Rock Mortg., Inc. v. T.D. Service Co.* (2009) 179 Cal.App.4th 804, 808-809.) The rules of interpretation provide that when a word has a legal meaning, courts should construe the word with that legal definition. (*Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 19.)

The injunction does not use the word "collective" independently, rather, it is part of a list: "a medical marijuana cooperative, collective, dispensary, operator, establishment, or provider." Thus, the term at issue is a "medical marijuana collective,"

since the list begins with "medical marijuana," and then goes on to list different types of medical marijuana enterprises.

City's Municipal Code defines the term "medical marijuana collective." (Palm Springs Municipal Code, § 91.00.10.)[4] Specifically, the Code provides, "'Medical Cannabis Cooperative or Collective' means five or more qualified patients and caregivers who collectively or cooperatively cultivate and share physician-recommended cannabis or marijuana in a manner strictly consistent with the Guidelines for the Security and Non-Diversion of Marijuana Grown for Medical Use issued August 2008, by the Office of the Attorney General for the State of California, as may be amended from time to time ('Attorney General Guidelines'), on file in the Office of the City Clerk."[5]

Given the foregoing definition, the term "medical marijuana collective" has a legal meaning. The definition involves cultivating and sharing medical marijuana. (Palm Springs Municipal Code, § 91.00.10.) Therefore, we are not persuaded that the word "collective," in the injunction, is prohibiting Grass Hopper from engaging in

---

[4] City requested we take judicial notice of Palm Springs Municipal Code section 91.00.10. We grant the request. (Evid. Code, §§ 452, subd. (b), 453.)

[5] The code section further describes what a "medical cannabis cooperative or collective" is not. For example, the term does not include a primary caregiver dispensing medical marijuana to a qualified patient in a clinic licensed pursuant to Chapter 1 of Division 2 of the Health and Safety Code. (Palm Springs Municipal Code, § 91.00.10.)

9

educational and promotional activities—assuming those activities do not involve cultivating and sharing medical marijuana.[6]

## DISPOSITION

The judgment is affirmed.  Respondent, City of Palm Springs, is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                    J.

We concur:

McKINSTER
        Acting P. J.

RICHLI
        J.

---

[6] City, in its Respondent's Brief, concedes that it did not and does not intend for the injunction "to limit [Grass Hopper's] activities other than the illegal possession, cultivation, and distribution of marijuana from the Property."

10