Filed 7/19/16  Kling v. Bank of America CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| MARIA D. KLING, | |
| Plaintiff and Appellant, | E063835 |
| v. | (Super.Ct.No. CIVDS1417120) |
| BANK OF AMERICA, N.A., as Successor, etc., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed.

Maria D. Kling, in pro. per., for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendant and Respondent.

Plaintiff and appellant, Maria D. Kling, formerly Maria D. Angelo, sued defendant and respondent Bank of America, N.A. (BANA) to quiet title to property located on Glendale Avenue in Hesperia (Property).  The trial court granted BANA's motion for

1

judgment on the pleadings on the ground the action was barred by res judicata due to the prior federal court judgment entered against Kling and in favor of BANA. We conclude the res judicata issue is dispositive and affirm the judgment.

## I. PROCEDURAL BACKGROUND AND FACTS

In December 2006, Kling obtained a loan from Countrywide Bank, N.A., secured by a deed of trust encumbering the Property. The deed of trust was later assigned to BANA.

On April 16, 2013, Kling filed an action in the United States District Court for the Central District of California, case No. 2:13-cv-02648-DSF-CW, against BANA as successor in interest to Countrywide Bank, N.A. and Wells Fargo Bank, as Trustee for Harborview Mortgage Loan Trust 2007-1, Mortgage Pass-through Certificates Series 2007-1. Kling alleged that there was no enforceable deed of trust on the Property, that defendants had no interest in the loan, securitization of her loan somehow rendered it unenforceable; and that she did not have to pay on the deeds that form the basis of this action. BANA successfully moved for summary judgment. The federal district court noted that BANA "provided evidence that it had an interest in the note and the authority to foreclose." Judgment was entered in BANA's favor on July 8, 2014. Kling did not appeal.

Four months later, on November 14, 2014, Kling initiated this action against Countrywide Bank, N.A., and Countrywide Bank, FSB, to quiet title to the Property. Kling asserted that she executed a first trust deed in December 2006 and a second one in September 2007; however, "there is no holder of any valid 'Deed of Trust' as claimed

2

herein and that no Party herein can establish that they are the valid holder of any 'Deed of Trust' whatsoever."

On January 8, 2015, BANA filed an answer to the complaint, alleging that it was the successor by merger to Countrywide Bank, N.A. and successor by merger to Countrywide Bank, FSB (erroneously sued as Countrywide Bank, N.A. and Countrywide Bank, FSB. BANA asserted the affirmative defense of res judicata. On January 9, 2015, Kling requested, and the court entered, default against Countrywide Bank, N.A.

On January 20, 2015, BANA moved for judgment on the pleadings on the ground that the action was barred by res judicata. It also requested that default against Countrywide Bank, N.A. be set aside due to a clerical error, namely, the failure to remove Countrywide Bank, N.A. upon the filing of BANA's answer, which noted that it was the successor by merger to Countrywide Bank, N.A. and had been erroneously sued as such. On January 27, 2015, the court set aside the default.

On April 16, 2015, over Kling's opposition, the trial court granted BANA's motion for judgment on the pleadings. Judgment was entered in favor of BANA on May 5, 2015, and Kling appealed.

## II.  DISCUSSION

### A.  Standard of Review

A motion for judgment on the pleadings is equivalent to a general demurrer, but is filed after the time for filing a demurrer has expired. (*Hopp v. City of Los Angeles* (2010) 183 Cal.App.4th 713, 717; Code Civ. Proc., § 438, subd. (f).)  "Like a general demurrer, a motion for judgment on the pleadings tests the sufficiency of the complaint to state a

3

cause of action." (*Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore* (2008) 162 Cal.App.4th 1331, 1337.) The court assumes the truth of all factual allegations in the complaint, along with matters subject to judicial notice. (*Ibid.*) We independently review an order granting a motion for judgment on the pleadings. (*Bezirdjian v. O'Reilly* (2010) 183 Cal.App.4th 316, 321.)[1]

## B. Analysis

In her complaint, Kling sought to quiet title to the Property on the grounds that there was no enforceable deed of trust, that defendants had no interest in the loan, that securitization of her loan somehow rendered it unenforceable, and that she did not have to pay on the deeds that form the basis of this action. Although she named Countrywide Bank, N.A., and Countrywide Bank, FSB, she failed to name BANA, to whom the deed of trust was assigned. In her federal action, Kling sued BANA on the same primary right or claim, i.e., that BANA's interest in the Property was extinguished because the loan had

---

[1] "'The standard for granting a motion for judgment on the pleadings is essentially the same as that applicable to a general demurrer, that is, under the state of the pleadings, together with matters that may be judicially noticed, it appears that a party is entitled to judgment as a matter of law.' [Citation.] 'Matters which are subject to mandatory judicial notice may be treated as part of the complaint and may be considered without notice to the parties. [Citation.] Matters which are subject to permissive judicial notice must be specified in the notice of motion, the supporting points and authorities, or as the court otherwise permits.' [Citation.] 'Judgment on the pleadings does not depend upon a resolution of questions of witness credibility or evidentiary conflicts. In fact, judgment on the pleadings must be denied where there are material factual issues that require evidentiary resolution. [Citation.] In determining whether the pleadings, together with matters that may be judicially noticed, entitle a party to judgment, a reviewing court can itself conduct the appropriate analysis and need not defer to the trial court.' [Citation.]" (*Bezirdjian v. O'Reilly, supra,* 183 Cal.App.4th at pp. 321-322.)

4

been securitized.  In both actions, Kling sought the same remedy, namely, a declaration that BANA has no lien on the Property and may not assert any interest in it.

"Res judicata is a doctrine which prevents parties from relitigating a cause of action previously determined between them."  (*Wright v. Ripley* (1998) 65 Cal.App.4th 1189, 1193.)  Under state law, a cause of action is based on the violation of a single primary right, rather than on the particular theory upon which recovery is sought (e.g., breach of contract, quantum meruit).  (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 860.)

Here, by virtue of the assignment of the deed of trust to BANA, the doctrine of res judicata bars Kling from reasserting in the present action the same primary right or claim that she unsuccessfully asserted in her federal action.  (See *City of Simi Valley v. Superior Court* (2003) 111 Cal.App.4th 1077, 1082.)

"The primary aspect of res judicata is sometimes referred to as '"claim preclusion"'; the secondary aspect is referred to as 'collateral estoppel' or '"issue preclusion."'  [Citation.]  "'The rule of claim preclusion, [citation], is that a party ordinarily may not assert a civil claim arising from a transaction with respect to which he has already prosecuted such a claim, whether or not the two claims wholly correspond to each other.  The rule of issue preclusion, sometimes referred to as collateral estoppel, [citation], is that a party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion."'  [Citation.]"  (*Benasra v. Mitchell Silberberg & Knupp* (2002) 96 Cal.App.4th 96, 104.)

Kling's present claims are barred by the doctrine of claim preclusion. As indicated: "'The principle underlying the rule of claim preclusion is that a party who once *has had a chance to litigate* a claim before an appropriate tribunal usually ought not to have another chance to do so. A related but narrower principle—that one who *has actually litigated* an issue should not be allowed to relitigate it—underlies the rule of issue preclusion.'" (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 338, p. 942, italics added.)

"'The law of res judicata expresses the terms for assessing whether the procedural system afforded the contending party an adequate opportunity to litigate. In the now accepted phrase, the question is whether that opportunity was "full and fair." Modern civil procedure usually does provide full and fair freedom to present substantive contentions and full and fair access to evidence.'" (7 Witkin, Cal. Procedure, *supra*, Judgment, § 338, p. 942.) By contrast, "[r]es judicata principles should not apply where the 'scope of substantive inquiry and the potential for development of evidence are much more restricted than the corresponding opportunity afforded in a court of general jurisdiction . . . .'" (*Gouvis Engineering v. Superior Court* (1995) 37 Cal.App.4th 642, 650.) Here, through her federal action, Kling had every chance to litigate her claims regarding her loan's securitization and BANA's interest in the Property.

Kling contends that she sued Countrywide Bank, N.A. and Countrywide Bank, FSB, not BANA, and the trial court erred in permitting BANA to appear as successor by merger. We disagree. Kling admits that BANA is the successor to both Countrywides. Moreover, Kling's deed of trust was assigned to BANA. Thus, the interest either

Countrywide possessed in the note and deed of trust was transferred to BANA at the time of the merger. (Corp. Code, § 1107; *Beltran v. Accubane Mortg. Corp.* (E.D. Cal. 2012) 2012 U.S. Dist. LEXIS 166630, *14-*15.) Because BANA has a claim of interest in the Property, allowing BANA to appear was not only proper, but mandatory, regardless of which defendants Kling named in her action to quiet title. (Code Civ. Proc., § 762.010 ["The plaintiff shall name as defendants in the action the persons having adverse claims to the title of the plaintiff against which a determination is sought."]; see § 762.050 ["Any person who has a claim to the property described in the complaint may appear in the proceeding. Whether or not the person is named as a defendant in the complaint, the person shall appear as a defendant."].)

Alternatively, Kling contends the trial court erred in vacating the default that was entered against Countrywide Bank, N.A. However, Kling failed to raise this issue at the trial court level. "'Under familiar general rules, theories not raised in the trial court may not be raised for the first time on appeal.' [Citation.]" (*San Diego Municipal Employees Assn. v. Superior Court* (2012) 206 Cal.App.4th 1447, 1462.) The exception to this general rule is a purely legal issue. (*Ibid.*) Nonetheless, we reject Kling's contention, because the record shows that the court clerk mistakenly overlooked BANA's answer indicating that Kling had erroneously sued BANA as Countrywide Bank, N.A. Since BANA timely appeared as the successor by merger to Countrywide Bank, N.A., entering default was improper. (Code Civ. Proc. § 1169.) Thus, the trial court did not err in vacating the default that had been entered as a result of clerical error. (See *Taliaferro v. Taliaferro* (1957) 154 Cal.App.2d 495. 499.)

## III.  DISPOSITION

The judgment is affirmed.  Defendant and Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
                    Acting P. J.

We concur:

MCKINSTER
                    J.

CODRINGTON
                    J.