[No. G029129. Fourth Dist., Div. Three. Dec. 3, 2002.]

KAJIMA ENGINEERING AND CONSTRUCTION, INC., et al., Plaintiffs and Appellants, v.
PACIFIC BELL et al., Defendants and Respondents.

## COUNSEL

Shapleigh H. Kimes for Plaintiff and Appellant Manuel Gonzalez.

Seyfarth Shaw, William H. Lancaster and Damon C. Anastasia for Plaintiff and Appellant Kajima Engineering and Construction, Inc.

Law Offices of Mark P. Geffon, Mark P. Geffon; Law Offices of Donald E. Karpel and Donald E. Karpel for Defendants and Respondents.

## OPINION

O'LEARY, J.—Appellant seeks reversal of a judgment entered upon a referee's statement of decision. The sole ground for appeal is the referee's alleged failure to take the oath required of *temporary judges* by California Rules of Court, rule 244, and the California Constitution, article VI, section 21.

The appeal fails because it is based on a mistaken assumption concerning the form of alternative dispute resolution employed here. The appeal

wrongly assumes a temporary judge tried this case. Instead, trial was conducted by a referee on a general reference pursuant to Code of Civil Procedure section 638, subdivision (a).[1] Although a temporary judge is required to take an oath, a referee is not.

### STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

This case arose out of a work-related injury at a construction site. Kajima Engineering and Construction, Inc. (Kajima) sued defendants (collectively Pacific Bell) to recover workers' compensation benefits paid to its injured employee, Manuel Gonzalez. Gonzalez joined the litigation as a plaintiff in intervention, seeking to recover from Pacific Bell for his personal injury.

The case was assigned for all purposes to Judge Hugh Michael Brenner. The parties stipulated on the record to have the action tried by Edward Y. Kakita, a retired superior court judge. At the conclusion of a four-day bench trial, Judge Kakita ruled in favor of Pacific Bell and against Kajima and Gonzalez. Judge Kakita issued a statement of decision setting forth his findings of fact and law and filed it in the Orange County Superior Court.

Judge Brenner entered judgment on the statement of decision. The parties thereafter litigated the issues of costs, with Pacific Bell seeking over $35,000 and Kajima and Gonzalez moving to tax the costs claimed. Judge Brenner granted the motion to tax costs, allowing Pacific Bell just over $4,000 in costs. Only Gonzalez has appealed the judgment.

### DISCUSSION

1. *Judge Kakita Was Not Required to Take an Oath.*

 Gonzalez argues the judgment is void because Judge Kakita did not take an oath before presiding over the trial—a constitutional prerequisite to serving as a temporary judge. (Cal. Const., art. VI, § 21; *City of Shasta Lake v. County of Shasta* (1999) 75 Cal.App.4th 1, 11, fn. 6 [88 Cal.Rptr.2d 863]; *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 908 [30 Cal.Rptr.2d 265, 872 P.2d 1190].) Unfortunately for Gonzalez, his argument is entirely beside the point. After reviewing the record, we conclude Judge Kakita did not serve as a temporary judge. Rather, he was a referee serving on a general reference by the trial court. As such, he was not required to take an oath.

 "A reference by the trial court involves the sending of a pending action or proceeding, or some issue raised therein, to a referee for hearing,

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

determination and report back to the court. . . . [¶] . . . A 'general' reference is conducted pursuant to section 638, subdivision ([a]), which authorizes the trial court to refer any or all issues to a referee for trial and determination, *provided* that the parties have agreed thereto in an agreement filed with the clerk or judge or entered in the minutes or docket. [Citations.]" (*Jovine v. FHP, Inc.* (1998) 64 Cal.App.4th 1506, 1521-1522 [76 Cal.Rptr.2d 322], fn. omitted.) Significantly, though the general reference referee's statement of decision "must stand as the finding of the court," the actual judgment is entered by the trial judge "in the same manner as though the matter had been tried by the court. [Citations.]" (*Id.* at p. 1522; § 644.) Additionally, a general reference "preserve[s] the court's power regarding new trial motions and other postjudgment remedies." (*National Union Fire Ins. Co. v. Nationwide Ins. Co.* (1999) 69 Cal.App.4th 709, 716 [82 Cal.Rptr.2d 16].)

In contrast to the circumscribed authority of a referee, a temporary judge has broad powers. "Such judicial officers are authorized to perform judicial functions pursuant to California Constitution, article VI, section 21 and their powers are governed by California Rules of Court, rule 244. Such a temporary judge has the power to render a judgment which is appealable in the same manner as one rendered by a constitutional judge. [Citation.]" (*Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 45 Cal.App.4th 631, 635 [53 Cal.Rptr.2d 50].) In keeping with this broad authority, a temporary judge must take an oath of office before performing judicial functions. (Cal. Rules of Court, rule 244; *In re Marriage of Assemi, supra,* 7 Cal.4th at p. 908.) There is no similar requirement for serving as a referee.

In *Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co., supra,* 45 Cal.App.4th 631, this court had occasion to decide whether a retired appellate court justice who presided over a "hybrid" form of alternative dispute resolution served as a contractual or judicial arbitrator, a general reference referee, or a temporary judge. In ruling out temporary judge, we focused on the fact the retired jurist did not take an oath of office and did not render a judgment. (*Id.* at pp. 636-637.) We concluded the retired jurist "cannot have acted as a constitutionally authorized temporary judge" because his decision had to "be confirmed as a judgment by the assigned judge." (*Id.* at p. 637.)

Similarly, in the present matter, the assigned judge (Judge Brenner) entered judgment on the statement of decision filed by Judge Kakita. Judge Kakita's lack of authority to enter judgment establishes he served as a referee on a general reference rather than as a temporary judge. (*Old*

*Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co., supra,* 45 Cal.App.4th at p. 637.) Additional evidence that Judge Kakita was merely a referee is the fact *Judge Brenner* ruled upon the postjudgment motions concerning costs. (*National Union Fire Ins. Co. v. Nationwide Ins. Co., supra,* 69 Cal.App.4th at p. 716.) Finally, turning Gonzalez's argument on its head, the fact Judge Kakita did not take an oath proves he was not a temporary judge in this case. (*Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co., supra,* 45 Cal.App.4th at p. 636.)

We conclude the judgment was properly entered by the superior court following a general reference to a referee. Consequently, Gonzalez's challenge to the validity of the judgment fails.

### 2. *Pacific Bell's Sanctions Request Is Procedurally Improper.*

Pacific Bell requests sanctions against Gonzalez and his attorney on the ground the appeal is frivolous. The request is procedurally improper. A party seeking sanctions on appeal must file a separate motion for sanctions that complies with the requirements of Rules of Court, rule 41. (Rules of Court, rule 26 (e).) Pacific Bell failed to file a separate sanctions motion and is thus not entitled to be heard on the subject. The request for sanctions is denied.

### 3. *Pacific Bell Cannot Challenge the Postjudgment Order on Costs.*

Pacific Bell seeks review of the postjudgment order granting Kajima and Gonzalez's motion to tax costs. But Pacific Bell committed a fundamental error which precludes our review of the order: It failed to file a notice of appeal.

A postjudgment order awarding or denying costs is a separately appealable order. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 [269 Cal.Rptr. 228].) Pacific Bell did not file a notice of appeal from the order granting the motion to tax costs. Consequently, we are without jurisdiction to review it. (§ 906; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 [61 Cal.Rptr.2d 166, 931 P.2d 344]; *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 828-829 [80 Cal.Rptr.2d 549].)[2]

---

[2]In connection with its attempt to garner a review of the order granting the motion to tax costs, Pacific Bell asks this court to take judicial notice of the parties' stipulation concerning the briefing schedule which sets a deadline for Pacific Bell's "Opening Brief on *potential*

## DISPOSITION

The judgment is affirmed. Respondent Pacific Bell is entitled to its costs on appeal.

Sills, P. J., and Moore, J., concurred.

---

*Cross-Appeal.*" (Italics added.) Apparently, Pacific Bell hopes we will construe the stipulation as a notice of appeal. We will not. The parties' acknowledgment of a "*potential*" cross-appeal is no substitute for filing a notice of appeal. Moreover, to the extent Pacific Bell argues this stipulation gives it the "right to raise the issue [of the cost bill]," we note jurisdiction cannot " 'be conferred upon the appellate court by the consent or stipulation of the parties[.]' " (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667 [125 Cal.Rptr. 757, 542 P.2d 1349].) The request for judicial notice is denied.