Filed 10/21/14  Green Century Development v. Yuan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GREEN CENTURY DEVELOPMENT, LLC,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN YUAN,<br><br>    Defendant and Appellant;<br><br>NORIKO KOMIYAMA,<br><br>    Defendant and Respondent. | B250846<br><br>(Los Angeles County Super. Ct. No. KC058045) |

    APPEAL from an order of the Superior Court of Los Angeles County, Salvatore Sirna, Judge.  Appeal dismissed.

    John Yuan, in pro. per., for Defendant and Appellant.

    John M. Gantus & Associates and John M. Gantus for Defendant and Respondent.

_____

1

Appellant John Yuan purports to appeal from a postjudgment notice of ruling denying a motion to reconsider a motion for reconsideration in this interpleader action. Because the notice of ruling and the order denying the motion for reconsideration are not appealable orders, we dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND[1]

**Dissolution Proceedings**

Yuan and respondent Noriko Komiyama were married on February 6, 1993. Janetech Group, Inc., was incorporated in California on March 26, 1993. Yuan was listed as Janetech's agent for service of process at an address in Walnut, California. Yuan and Komiyama held title to the Walnut property as joint tenants. However, in August 1997, Yuan and Komiyama filed a joint petition for dissolution of marriage stating there were no community assets or liabilities and neither party had any interest in real property. A dissolution judgment was granted on March 2, 1998.

In September 2006, plaintiff Green Century Development, LLC executed a promissory note in the amount of $252,000 secured by a deed of trust in favor of Janetech. Payment was due on November 11, 2009.

On June 11, 2007, Komiyama filed a motion to set aside the dissolution judgment except as to dissolution of status. The motion was based on evidence of the grant deed to the Walnut property, records from the California Secretary of State's Office, and a grant deed showing Janetech held an undivided 68 percent interest in real property in Imperial County. The trial court vacated the dissolution judgment except as to status on July 20, 2007. On January 26, 2009, the court entered a dissolution judgment that awarded to

---

[1] Portions of the facts and procedural background are taken from the prior opinions in this case and the related dissolution proceedings.

2

Komiyama all rights, title, and interest in and to the promissory note.  On February 23, 2009, Yuan filed an appeal from the dissolution judgment (dissolution appeal I).

## The Interpleader Action

On February 29, 2010, Green Century filed an interpleader action against Yuan, Komiyama and other defendants in response to conflicting claims as to ownership of the promissory note.  On October 19, 2010, Division Three of this appellate court affirmed the dissolution judgment.  (*Yuan v. Komiyama* (Oct. 19, 2010, B214461) [nonpub. opn.].)  On November 10, 2010, Komiyama filed a motion for summary judgment in the interpleader action on the ground that the dissolution judgment which was affirmed on appeal awarded all interest in the promissory note to her.  On January 24, 2011, the court granted the motion for summary judgment.  On January 28, 2011, Yuan filed a notice of appeal from the ruling (interpleader appeal I).  On February 2, 2011, the court entered an order granting summary judgment and a judgment in favor of Komiyama.

On May 12, 2011, Yuan filed a motion in the interpleader action in the court to set aside the summary judgment, which was heard and stayed pending the resolution of interpleader appeal I.  This appellate division liberally construed the notice of appeal to encompass the February 2, 2011 judgment and affirmed the order granting summary judgment in favor of Komiyama on October 1, 2012.  (*Green Century Development, LLC v. Yuan* (Oct. 1, 2012, B230616) [nonpub. opn.].)

In the dissolution proceedings, Yuan had filed a notice of appeal from a postjudgment order denying Yuan's motion for reconsideration of a motion concerning omitted assets (dissolution appeal II).  Division Three of this appellate court dismissed Yuan's appeal from the ruling on the motion for reconsideration as nonappealable and otherwise affirmed the order.  (*Yuan v. Komiyama* (Sept. 26, 2012, B230427) [nonpub. opn.].)

**Motions for Reconsideration**

On April 3, 2013, Yuan filed a motion in the interpleader action for reconsideration of his motion to set aside the summary judgment. On May 9, 2013, the court denied the motion. The court found Yuan's motion was untimely and "not supported by any new or different facts, circumstances, or law, which Yuan could not, with reasonable diligence, have discovered or produced at the hearing," and therefore did not meet the requirements of Code of Civil Procedure section 1008.[2]

On May 24, 2013, Yuan filed a motion for reconsideration of the motion for reconsideration of the motion to set aside the summary judgment. The court denied it for the same reasons that it denied the first motion for reconsideration. On July 25, 2013, Komiyama filed a notice of ruling reflecting the denial of the second motion for reconsideration. Yuan filed a notice of appeal from the July 25, 2013 notice of ruling.

## DISCUSSION

**Appealability**

**A.      Notice of Ruling**

Yuan purports to appeal from the July 25, 2013 notice of ruling. Notices of ruling are not among the judgments or orders set forth in section 904.1 from which appeals may be taken.

"A 'notice of ruling' is not an appealable judgment or order . . . ." (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1178 (*Shpiller*).) In *Shpiller*, the court stated that it would no longer "save" erroneous appeals by "notify[ing] counsel, by

---

[2] All further statutory references are to the Code of Civil Procedure, unless otherwise specified.

4

clerk's letter or order, of the court's opinion that the court has no jurisdiction to review the judgment or order appealed, and to allow 15 to 20 days for the appellant to file a file-stamped copy of an appealable ruling or to contest the Court of Appeal's opinion." (*Id*. at p. 1180.) The purpose in the change of policy was to "encourage appellants not to file appeals prematurely and to conserve judicial resources." (*Ibid*.) Whether a court employs a procedure to save erroneous appeals is "entirely discretionary." (*Ibid*.) Because a notice of ruling is not appealable, we dismiss Yuan's appeal.

**B.      Motion for Reconsideration**

Even if we were to deem Yuan's appeal to be taken from an order denying the motion for reconsideration, we would dismiss the appeal.

Section 1008, subdivision (a) provides in relevant part, "[w]hen an application for an order has been made to the judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by that order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." Section 1008, subdivision (g) expressly states that "[a]n order denying a motion for reconsideration made pursuant to subdivision (a) is not separately appealable."

The policy reasons for concluding that motions for reconsideration are nonappealable include eliminating possibilities that "(1) a nonappealable order or judgment would be made appealable, (2) *a party would have two appeals from the same decision*, and (3) a party would obtain an unwarranted extension of time to appeal . . . ." (*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 158-159, internal quotations omitted.)

The court denied Yuan's motion to reconsider the motion to reconsider the motion to set aside the summary judgment because it was untimely and Yuan did not allege any new facts or law that could not have been raised at trial. Because Yuan appeals from

5

denial of a motion to reconsider, which is nonappealable, we have no jurisdiction to entertain this appeal.  Accordingly, we dismiss the appeal.

## Sanctions

Komiyama requests sanctions be imposed on Yuan for taking a frivolous appeal and filing a frivolous motion under California Rules of Court, rule 8.276(a)(1) and (3).  A party seeking sanctions on appeal must file a separate motion and include a declaration. (Cal. Rules of Court, rule 8.276; *Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402; *Committee to Save Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn.* (2001) 92 Cal.App.4th 1247, 1273, fn. 10.) Absent compliance with the procedural separate motion requirement, a sanctions request must be denied.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell, supra,* at p. 1402; *Committee to Save Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn., supra,* at p. 1273, fn. 10.)  Komiyama did not file a separate sanctions motion. Accordingly, we must deny Komiyama's sanctions request.

6

## DISPOSITION

The appeal is dismissed.  Respondent Komiyama is awarded her costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.


MINK, J.*

---

* Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7