Filed 4/3/15  Evans v. Fred Warriors Construction CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WAYNE TRUVOLL EVANS, | B254029 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC418118) |
| v. | |
| FRED WARRIORS CONSTRUCTION, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William F. Fahey, Judge.  Affirmed.

Wayne T. Evans, in pro. per. for Plaintiff and Appellant.

Dongell Lawrence Finney, Matthew Clark Bures and Joshua N. Levine, for Defendant and Respondent Tetra Tech, Inc.

_____

In January 2014, Wayne T. Evans filed a notice of appeal purporting to challenge an order denying his motion filed pursuant to Code of Civil Procedure section 473. The trial court had denied Evans's motion for an order vacating and setting aside default on the ground of fraud. On appeal, Evans appears to challenge the order denying the motion to vacate, as well as prior orders denying him a trial continuance and motions to set aside a November 2011 default judgment. Because there is a complete lack of a record necessary for the review of his claims, we must affirm the trial court order.

## FACTUAL AND PROCEDURAL BACKGROUND

Our review in this case is constrained by the exceedingly minimal record on appeal. The clerk's transcript consists of the superior court case summary, the trial court's January 29, 2014 minute order, and the notice of appeal and notice designating the record. There is no reporter's transcript. There are no pleadings or motions included in the record.

Evans's appellant's brief contains no citations to the record. He indicates that in July 2009, he, along with two other plaintiffs, filed a complaint against Fred Warriors Construction Inc. and Tetra Tech, Inc. Evans informs us the complaint alleged claims for wrongful termination in violation of public policy, "resulting from systemic wage fraud and noncompliance with California's wage and hour laws." His recitation of the procedural history of this matter indicates his case was dismissed without prejudice on November 28, 2011. According to Evans, he unsuccessfully moved to vacate the order in January 2012.[1] As we understand his briefing, Evans asserts he was incarcerated until late April 2013; in May 2013, he filed a motion to vacate the "judgment," which was denied.[2] He filed another "motion to vacate judgment" in December 2013. The motion

---

[1]     As respondent points out, the dates Evans identifies in his appellant's brief are not completely consistent with dates listed on the trial court case summary. On the record before us it is not clear exactly when certain motions were filed or ruled upon.

[2]     Although Evans's opening brief indicates he was released from custody and he filed the first motion to vacate in 2014, the overall chronology suggests these events in fact occurred in 2013.

2

was denied in January 2014.  The court's minute order identified the proceedings as "motion for order vacating and setting aside default on the ground of fraud by the court."

## DISCUSSION

As we understand his arguments on appeal, Evans seeks to challenge multiple court orders: (1) a ruling on a motion to sever; (2) a November 2011 order denying Evans's motion for a continuance and dismissing the case; (3) a February 2012 order denying Evans's motions to set aside the November 2011 "default judgment"; and (4) the January 2014 order denying Evans's motion to vacate the judgment on the ground of fraud.  As far as we can tell, Evans argues he did not receive notice of the hearing on a motion to sever; the court erred in denying his motion for a continuance on the sole ground that he failed to give notice of the motion to defendants; the court should have granted his motions to set aside the November 2011 default judgment because the motions were timely and the court erroneously ordered him to comply with "Code of Civil Procedure section 3.1110"; and the time to file a Code of Civil Procedure section 473 motion was tolled during his period of incarceration.

The lack of an adequate record on appeal is fatal to Evans's appeal.[3]  The record does not include copies of any of the motions Evans claims the trial court erroneously denied, the "default judgment" or dismissal order he sought to vacate or any pleadings precipitating it, or any orders other than the January 2014 minute order denying his motion to vacate and set aside default.  There is also no reporter's transcript, or anything that would permit us to even attempt to evaluate Evans's claims on appeal.

---

**3**      To the extent Evans sought to challenge a November 2011 default judgment, a November 2011 dismissal order, or any orders issued prior to the November 2011 dismissal, the appeal would be untimely; we would have no choice but to dismiss that portion of the appeal.  (Cal. Rules of Court, rules 8.104 (a), (b) & 8.108(c).)

3

"[I]t is settled that:  'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'  [Citations.]"  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, original italics.)  It is the appellant's burden on appeal to produce a record " 'which overcomes the presumption of validity favoring [the] judgment.' "  (*Webman v. Little Co. of Mary Hospital* (1995) 39 Cal.App.4th 592, 595.)  " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [appellant].' "  (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-188; *In re Marriage of Wilcox* (2004) 124 Cal.App.4th 492, 498; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 463.)

The record in this case does not permit us to perform our appellate function. Without some record of the proceedings below, it is impossible for us to assess whether the trial court erred as Evans claims.  (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1319-1321.)  Evans has not met his burden to show trial court error.  We therefore must affirm the trial court order.  Respondent requests that we impose sanctions against Evans for filing a frivolous appeal, however respondent has not filed a separate motion for sanctions as required by California Rules of Court rule 8.276.  The request for sanctions is denied.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402; *Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1124.)

## DISPOSITION

The trial court order is affirmed.  The parties are to bear their own costs on appeal.


                                                              BIGELOW, P.J.

We concur:


                    RUBIN, J.              FLIER, J.

4