Filed 5/18/15  Currie v. Garcia CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| MANEVA A. CURRIE,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>BENEDICT GARCIA,<br><br>        Defendant and Respondent. | B254031<br><br>(Los Angeles County Super. Ct. No. SC117168) |


        APPEAL from a judgment of the Superior Court of Los Angeles County, Richard A. Stone, Judge.  Affirmed.

        Maneva A. Currie, in pro. per., for Plaintiff and Appellant.

        Carlson Law Group, Mark C. Carlson, Warren K. Miller, for Defendant and Respondent.

_____

Plaintiff and appellant Maneva A. Currie appeals from the judgment of dismissal entered after the trial court sustained the demurrer of defendant and respondent Benedict Garcia and denied leave to amend. We affirm.

On December 5, 2013, the trial court sustained Garcia's demurrer to Currie's first amended complaint. The court ruled that the first amended complaint was an unauthorized attempt to circumvent an unfavorable ruling in a prior action filed by Currie, which is barred by the doctrine of res judicata. Leave to amend was denied. Currie filed a timely notice of appeal.

Currie's opening brief on appeal consists primarily of a lengthy subjective review of the history of this and other actions. The thesis of the brief is Currie's belief that she has been the victim of corruption and malfeasance by attorneys, judicial officers, and court staff. Currie's brief makes no reference to (1) the allegations against Garcia in the first amended complaint, (2) the grounds for Garcia's demurrer, (3) the content of any opposition to the demurrer, (4) why the demurrer was improperly sustained, and (5) why it was an abuse of discretion to deny her leave to amend.

It is an appellant's burden to establish reversible error on appeal because "an appealed judgment is presumed correct, and appellant bears the burden of overcoming the presumption of correctness. (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.)" (*Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 649-650.) "'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.' (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557.)" (*Flores v. California Department of Corrections and Rehabilitation* (2014) 224 Cal.App.4th 199, 204.)

An appellant's brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority . . . ." (Cal. Rules of Court, rule 8.204 (a)(1)(B).) The failure to cite pertinent authority or present legally supported analysis may be treated as a waiver of the issue which requires no further consideration. (*In re Estate of Cairns* (2010) 188 Cal.App.4th 937, 949.) "The same rules apply to a party appearing in propria persona as

to any other party.  (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)"  (*Flores v. California Department of Corrections and Rehabilitation*, *supra*, 224 Cal.App.4th at p. 205.)

We have thoroughly reviewed the contents of Currie's opening brief.  It contains no argument addressing the merits of the demurrer, the order sustaining the demurrer, or the denial of leave to amend.  Currie has therefore failed to establish prejudicial error.  The judgment is affirmed.  (Cal. Const., art. VI, § 13.)  Garcia's request for sanctions against Currie is denied, as it is not set forth in a separate motion.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402; Cal. Rules of Court, rule 8.276 (b).)

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Garcia.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

ROTHSCHILD, J.[*]

---

[*] Presiding Justice of the Court of Appeal, Second Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.