Filed 11/24/20  Aaronson v. Heshmati CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CYNTHIA AARONSON et al., | B299230 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. SS026275) |
| v. | |
| NADIA HESHMATI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Kimberly Dotson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Nadia Heshmati, in pro. per., for Defendant and Appellant.

Aaronson & Aaronson and Arthur Aaronson for Plaintiffs and Respondents.

_____

Defendant Nadia Heshmati appeals an order renewing a restraining order against her.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[1]**

Heshmati and Cynthia Aaronson are neighbors and have had frequent disputes, often related to a fence and vegetation separating their properties.[2]  In 2016, Cynthia filed a request for a civil harassment restraining order seeking protection for her and her husband, Arthur Aaronson, against Heshmati.[3]

In support of her request, Cynthia submitted evidence showing Heshmati frequently sent the Aaronsons threatening letters falsely accusing them of vandalizing and destroying her property, shouted obscenities at them, left trash on their property, and placed a note on Cynthia's car containing an obscenity.  During one confrontation, Heshmati stated, "Why don't you fucking Jews go back to Woodland Hills.  If Hitler had done his job we would not be talking right now."

On August 17, 2016, the trial court granted Cynthia's request and issued an order restraining Heshmati from harassing and contacting the Aaronsons for three years.  Heshmati appealed the order, which we affirmed.  (See *Aaronson v.*

---

[1]    We deferred ruling on Heshmati's third motion to augment the record, which she filed on September 28, 2020.  We deny the motion as untimely.  (See Ct. App., Second Dist., Local Rules, rule 2(b), Augmentation of record.)

[2]    We take some of the background facts from our prior nonpublished opinion in this case, *Aaronson v. Heshmati* (B279469) [nonpub. opn.].

[3]    We refer to the Aaronsons by their first names for the sake of clarity.

2

*Heshmati* (B279469) [nonpub. opn.].)

About two months before the restraining order was set to expire, Cynthia filed a request to renew the order for five years. Cynthia claimed Heshmati continued to harass her and her husband since the court issued the restraining order. In a declaration attached to the request, Cynthia contended that, among many other things, Heshmati shouted obscenities at her and her husband on multiple occasions, sent them a threatening email, blew leaves onto their property, flashed a light into their house, and made false police reports about them.

Heshmati filed a response to the renewal request. Five days later, she filed a motion to strike the request pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute). The hearing on the anti-SLAPP motion was set for October 7, 2019, nearly three months after the date set for the hearing on Cynthia's renewal request. Heshmati did not move to advance the hearing on the anti-SLAPP motion.

The court considered the renewal request at a hearing on July 10, 2019. Cynthia was represented by her husband, Arthur, who is an attorney. Heshmati's counsel urged the court to disqualify Arthur as Cynthia's counsel because he is a protected person under the restraining order and might be called as a witness. The court asked Heshmati's counsel if he intended to call Arthur as a witness, but counsel did not directly answer the court's question.

Counsel then requested the court continue the hearing to the date of Heshmati's anti-SLAPP motion hearing. He argued a continuance was necessary because parties cannot be compelled to give testimony before an anti-SLAPP motion is decided. Counsel did not provide authority to support that assertion, and

3

the court denied the continuance request.

After hearing argument from the parties, the court renewed the restraining order for three years. On October 7, 2019, the court heard and denied Heshmati's anti-SLAPP motion.

Heshmati timely appealed the order renewing the restraining order.[4]

## DISCUSSION

Before turning to the merits of Heshmati's arguments, we must address her blatant disregard of the court rules requiring her summary of facts be "limited to matters in the record" and supported by citations to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C), (a)(2)(C).) Heshmati's opening brief contains a 17-page recitation of the facts of the case, which she supports with a total of five citations to the record. The vast majority of those "facts," moreover, are wholly irrelevant accusations against the Aaronsons, which we will not repeat here for fear of lending any credence to them. Although Heshmati is representing herself, this is her third appeal before this court and she is no stranger to the Rules of Court. There is simply no excuse for her failure to follow them. (See *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 ["[p]ro. per. litigants are held to the same standards as attorneys"]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247 ["pro. per. litigants must follow correct rules of procedure"].)

---

[4] Heshmati separately appealed the court's order denying her anti-SLAPP motion, which is not presently before us. Accordingly, we decline to consider her arguments concerning the merits of the anti-SLAPP motion.

4

Turning to the merits, Heshmati identifies seven issues on appeal, none of which has merit.[5]

Heshmati first contends Arthur was required to withdraw as Cynthia's attorney pursuant to rules of professional conduct that state a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." (Cal. Rules Prof. Conduct, rule 3.7; ABA Model Rules Prof. Conduct, rule 3.7; see *Comden v. Superior Court* (1978) 20 Cal.3d 906, 913.) Contrary to Heshmati's contentions, such rules were not implicated here. Although Arthur was a protected person under the restraining order, he was not likely to be a "necessary witness." Arthur did not submit a declaration in support of the renewal request, and neither party indicated an intention to call him as a witness at the hearing. Arthur, therefore, was not required to withdraw as Cynthia's attorney under the various rules of professional conduct.

---

[5] Heshmati's briefs are littered with numerous other half-baked arguments made in passing, in violation of the requirement that a brief "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) We deem such arguments forfeited on account of Heshmati's failure to support them with cogent analysis or citation to relevant legal authority. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived."]; *Loranger v. Jones* (2010) 184 Cal.App.4th 847, 858, fn. 9; *People v. DeSantis* (1992) 2 Cal.4th 1198, 1240, fn. 18.)

Heshmati next contends the restraining order is overbroad and infringes upon her constitutional rights by prohibiting her from filing appeals, petitioning the California Supreme Court, and contacting the police. As best we can tell, Heshmati believes the restraining order will prohibit such activities because Cynthia identified them in her declaration attached to the renewal request as examples of Heshmati's harassment. Heshmati, however, overlooks that the court did not issue a new restraining order based on Cynthia's declaration. Rather, it simply renewed the original restraining order, which does not categorically prohibit any of the above activities. The order instead precludes Heshmati from having contact with the Aaronsons and "harass[ing], molest[ing], attack[ing], strik[ing], stalk[ing], threaten[ing], assault[ing] . . . , hit[ting], abus[ing], destroy[ing] . . . personal property . . . , or disturb[ing] the peace of" the Aaronsons. Such restrictions do not violate Heshmati's constitutional rights. (See *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.* (2005) 129 Cal.App.4th 1228, 1250 ["In California, speech that constitutes 'harassment' within the meaning of [Code of Civil Procedure] section 527.6 is not constitutionally protected, and the victim of the harassment may obtain injunctive relief."].)

Next, Heshmati argues the court should have granted a continuance and delayed ruling on the renewal request until after it had decided her anti-SLAPP motion. "The granting or denying of a continuance is a matter within the court's discretion, which cannot be disturbed 'on appeal except upon a clear showing of an abuse of discretion.' [Citation.]" (*Foster v. Civil Service Com.* (1983) 142 Cal.App.3d 444, 448.) The hearing on Heshmati's anti-SLAPP motion was set for October 7, 2019,

6

which was almost two months after the restraining order was set to expire. Granting a continuance, therefore, would have frustrated the purpose of the renewal request, which was to provide continuing protection for the Aaronsons. It also would have frustrated the purpose of the anti-SLAPP statute, which is to "resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech on matters of public interest." (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 639.) Indeed, granting Heshmati's last-minute request for a continuance would have only delayed resolution of the case, likely without any reduction in litigation costs. If Heshmati wanted the court to decide her anti-SLAPP motion before the renewal request, she should have requested the court advance the anti-SLAPP hearing. The court did not abuse its discretion in refusing to grant a continuance. (See *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 649 ["we see no reason that the pendency of [an anti-SLAPP] motion should interfere with the disposition of a [Code of Civil Procedure] section 527.6 petition" for a restraining order].)

Heshmati next asserts the trial court failed to conduct a full hearing, did not allow witnesses to testify or be cross-examined, and denied her constitutional rights to "cross-examine plaintiffs and to testify in her own defense." The record belies each of these claims. The transcript of the hearing shows the court did not preclude Heshmati from offering evidence, calling witnesses, testifying on her own behalf, or cross-examining witnesses. Heshmati simply chose to submit on her counsel's argument and the evidence she had previously submitted in response to the renewal request.

7

Heshmati further argues the trial court abused its discretion by stating in its minute order that the restraining order "will not expire on August 17, 2022." It is clear this is a typographical error and the minute order should state the restraining order "will *now* expire on August 17, 2022." The court's actual order renewing the restraining order provides as much. The court did not abuse its discretion.

Heshmati additionally claims "section 527.8 [*sic*] does not meet the burden of proof" and the injunction does not fit the intent of the statute. It is not clear, and Heshmati does not explain, what she means by this. To the extent she is arguing there is insufficient evidence to support the court's order, we disagree.

Code of Civil Procedure section 527.6 grants a trial court discretion to renew a restraining order, upon the request of a party, for up to five additional years. (Code Civ. Proc., § 527.6, subd. (j)(1).) The court should exercise that discretion only if it "finds a reasonable probability that the defendant's wrongful acts would be repeated in the future." (*Cooper v. Bettinger* (2015) 242 Cal.App.4th 77, 90.) The court may base such a finding solely on the evidence submitted in support of the original request; the protected party need not present new evidence or show further harassment since the issuance of the original order, although there is nothing preventing the party from doing so. (*Id*. at pp. 90–91; see Code Civ. Proc., § 527.6, subd. (j)(1).) We review the factual findings underpinning a court's renewal of a restraining order for substantial evidence. (See *Duronslet v. Kamps* (2012) 203 Cal.App.4th 717, 725.)

8

Here, there is substantial evidence supporting the trial court's renewal of the restraining order. The trial court issued the original restraining order based on evidence showing Heshmati repeatedly yelled obscenities at the Aaronsons, sent them a threatening communication, and left trash on their property. In support of her renewal request, Cynthia submitted a declaration in which she claimed Heshmati continued to engage in similar behavior while the restraining order was in effect, including yelling obscenities at the Aaronsons, sending them a threatening email, and blowing leaves onto their property. This provided sufficient evidence from which the court could find a reasonable probability that Heshmati would repeat the wrongful acts that were the basis of the original restraining order.

Finally, Heshmati argues the trial judge was biased as evidenced by the fact that the judge repeatedly ruled against her and expressed familiarity with another case involving Heshmati and the Aaronsons. Neither is sufficient to show bias. (See *Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674 ["The mere fact that the trial court issued rulings adverse to [appellant] on several matters in this case, even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias."].) We have also reviewed the transcripts of the relevant hearings and find no evidence of bias or anything that would raise doubts about the trial judge's impartiality.

## DISPOSITION

The order is affirmed.  Respondents are awarded costs on appeal.[6]


                                      BIGELOW, P. J.

We concur:


        GRIMES, J.



        STRATTON, J.

---

[6]     In passing, the Aaronsons request we grant sanctions against Heshmati for filing a frivolous appeal.  They did not file a separate motion for sanctions or provide a declaration supporting the amount of monetary sanctions sought, as required under rule 8.276 of the California Rules of Court.  Accordingly, we deny their request.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.)