Filed 10/14/24  1429 Grant Ave, LLC v. Linton CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| 1429 GRANT AVE, LLC,<br><br>        Plaintiff and Respondent,<br>v.<br>ANDREW LINTON,<br><br>        Defendant and Appellant;<br>ANTHONY R. FLORES,<br><br>        Objector and Appellant. | A168906<br><br>(San Francisco City & County<br>Super. Ct. No. CGC-17-557123) |

Andrew Linton and his attorney, Anthony R. Flores (collectively, appellants), appeal from sanctions orders imposed after they filed a motion seeking to set aside 1429 Grant Ave, LLC's (1429 Grant Ave) voluntary dismissal of its ejectment action against Linton.  Appellants contend the trial court failed to make sufficiently specific findings in the sanctions orders.  Because appellants have forfeited their appellate arguments, we affirm.

## DISCUSSION

We need not recite the facts and procedural history of this case in detail.  The parties are familiar with the facts and history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We thus resolve the case before us with an abbreviated

1

written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262.)

1429 Grant Ave sued Linton for ejectment from its property. The parties eventually agreed to a settlement, whereby 1429 Grant Ave would pay Linton $250,000 if he moved out by a certain date. Thereafter, Linton unsuccessfully moved two separate times to enforce the settlement agreement, with the trial court concluding he was not entitled to compensation because he failed to timely deliver the premises to 1429 Grant Ave. 1429 Grant Ave ultimately dismissed its complaint without prejudice, but the litigation did not end because Linton renewed his motion to enforce the settlement, which the court denied, and then moved to set aside the dismissal under Code of Civil Procedure[1] section 473. The court denied the motion, and 1429 Grant Ave filed two motions for sanctions—one brought under section 128.5 and the other brought under section 128.7—based on the section 473 motion. The court granted both motions and ordered Linton and Flores to pay sanctions to 1429 Grant Ave.

Appellants' sole contention on appeal is that the trial court's orders granting 1429 Grant Ave's motions for sanctions were insufficiently detailed to satisfy sections 128.5, subdivision (c), and 128.7, subdivision (e).[2]

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] In discussing the remedy for the trial court's failure to satisfy these specificity requirements, appellants contend remand is unnecessary because the record does not support sanctions. However, they do not develop their argument that the sanctions orders are unsupported by the record under an appropriate heading, nor do they cite to the record to support this contention. Thus, the argument has been forfeited. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading."]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [court will deem point waived if party fails to support an argument with necessary citations to

2

Section 128.5, subdivision (c) requires that "[a]n order imposing expenses shall be in writing and shall recite in detail the action or tactic or circumstances justifying the order."  Similarly, when the court imposes sanctions under section 128.7, it "shall describe the conduct determined to constitute a violation" of the statute "and explain the basis for the sanction imposed."  (§ 128.7, subd. (e).)

The written sanctions orders state that the requests for sanctions were granted based on Linton and Flores's violation of sections 128.5 and 128.7.  The orders provide no other detail regarding the conduct justifying the orders.  However, under the circumstances of this case, we agree with 1429 Grant Ave that appellants have forfeited their right to object to the level of detail in the trial court's orders by not raising the issue below.

While a jurisdictional challenge may be raised for the first time on appeal (*Jefferson Street Ventures, LLC v. City of Indio* (2015) 236 Cal.App.4th 1175, 1196, fn. 2), " ' " [a]n appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the [trial] court by some appropriate method' " ' " (*In re Carrie W.* (2003) 110 Cal.App.4th 746, 755).  The purpose of this rule is to allow the trial court to correct such errors, particularly where the error is apparent to the

---

the record].)  Appellants have also forfeited their argument that 1429 Grant Ave failed to comply with sections 128.5 and 128.7's safe harbor provisions because it was raised for the first time in their reply brief.  (*Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 548 [" 'It is elementary that points raised for the first time in a reply brief are not considered by the court.' "], abrogated on another ground as stated in *Barrera v. Apple American Group LLC* (2023) 95 Cal.App.5th 63, 80–81.)  This would be the case even assuming the safe harbor issue is a purely legal issue, as appellants claim.  (See *id.* at pp. 547–548.)

objecting party at the time it was made and could have been avoided. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264.)

We see no reason to depart from this forfeiture rule with respect to section 128.5 and section 128.7's specificity requirements. These requirements are not jurisdictional; the trial court still had subject matter jurisdiction to hear and determine the case, a point that appellants do not refute. (§§ 128.5, 128.7; *People v. Ford* (2015) 61 Cal.4th 282, 286.) Indeed, Division 3 of this court confirmed that a party may forfeit the right to object to a lack of specificity in an award of sanctions under section 128.5 for failure to object in the trial court. (*Andrus v. Estrada* (1995) 39 Cal.App.4th 1030, 1043–1044.) The *Andrus* court explained: "Even if we found the court's order deficient, any such error would be waived. Appellants had an opportunity to review respondent's proposed order before the court signed it. Appellants made no objection to the specificity of the order. The specificity requirement of section 128.5, subdivision (c) is not jurisdictional in nature. Appellants cannot now claim on appeal that the order was deficient." (*Andrus*, at p. 1043.)

Here, the record shows that appellants had an opportunity to object to the sanctions orders but failed to do so on the ground that they lacked sufficient detail. Prior to the hearing on 1429 Grant Ave's motions for sanctions, the trial court issued tentative rulings for the motions. Appellants contested the tentative rulings "in [their] entirety," but it does not appear from the record that they objected to their lack of specificity. " 'Failure to raise specific challenges in the trial court forfeits the claim on appeal.' " (*Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013.) We presume appellants made no specific challenge to the level of detail in the sanctions orders absent evidence to the contrary. (See *Winograd v. American Broadcasting Co.* (1998)

4

68 Cal.App.4th 624, 631.)  Therefore, appellants have forfeited their objection to the sanctions orders.[3]  (*Andrus v. Estrada*, *supra*, 39 Cal.App.4th at pp. 1043–1044; *In re Carrie W.*, *supra*, 110 Cal.App.4th at p. 755.)

## DISPOSITION

The orders imposing sanctions are affirmed.  Respondent is awarded its costs on appeal.

---

[3] Given this conclusion, we need not and do not reach 1429 Grant Ave's arguments that it complied with section 128.7 and that any error in failing to comply with section 128.5 was harmless.  Additionally, 1429 Grant Ave requested in its respondent's brief that this court on its own motion sanction appellants for their "frivolous" appeal.  However, a party requesting sanctions for taking a frivolous appeal must do so by motion with a supporting declaration.  (Cal. Rules of Court, rule 8.276(a)–(b).)  Thus, to the extent 1429 Grant Ave's request constitutes a motion for sanctions, we deny it.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402 [denying procedurally improper request for sanctions].)  We also decline to impose sanctions on our own motion.

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

HILL, J.*

A168906
*1429 Grant Ave, LLC v. Linton*

---

* Judge of the Superior Court of California, County of San Mateo, assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.