Filed 2/17/26  Marriage of M.R. and A.R. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of M.R. and A.R. | D085565 |
| M.R., | |
| Appellant, | (Super. Ct. No. 21FL001296C) |
| v. | |
| A.R., | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Chandra Reid, Judge.  Affirmed.

M.R., in pro. per., for Appellant.

Blair Family Law Group and Michelle L. Blair, for Respondent.


In this family law proceeding, M.R. (Mother) appeals from a January 17, 2025 order modifying child support payable by A.R. (Father).  As we will explain, Mother has not provided an adequate record to allow us to review the trial court's order, and she has therefore failed to carry her burden on

appeal to establish error. We accordingly affirm the January 17, 2025 order modifying child support.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother, who is representing herself in this appeal, has provided an incomplete appellate record, and she has included only very limited citations to the record in her appellate briefing. Despite those deficiencies, we have attempted to extract the relevant factual and procedural background from the record before us.

The parties were married in 2016 and have one minor child. A judgment of dissolution was entered on November 23, 2022, which included an order that Father pay child support in a specific monthly amount.

The order at issue in this appeal appears to arise from a request by Mother for an order modifying the amount of child support. Mother's request for an order modifying the amount of child support is not included in the appellate record. However, we infer from other items in the appellate record that Mother filed the request on December 26, 2023.

Based on minute orders appearing in the record, it appears that the trial court held proceedings on Mother's request to modify child support on October 16, 2024, and January 17, 2025. The proceedings on both days were reported, and according to the relevant minute orders, both parties were sworn and testified on those dates. Further, both parties were represented by counsel, and exhibits were introduced. The appellate record does not include reporter's transcripts from either the October 16, 2024 hearing or the January 17, 2025 hearing. It also does not appear to include all of the relevant exhibits.

As set forth in the minute order issued on January 17, 2025, the trial court ordered Father to pay child support in the monthly amount of $4,565, effective January 1, 2024.  A printout of a Guideline Calculation Results Summary was attached to the minute order.

Representing herself without counsel, Mother filed a notice of appeal on January 29, 2025.  On the relevant form, when Mother was asked to specify the judgment or order from which she was appealing, Mother checked all available boxes on the form for every type of order or judgment, next to which she listed the dates January 17, 2025, July 10, 2024, April 10, 2024, July 31, 2024, August 21, 2024, October 31, 2024, May 5, 2024, June 12, 2024, August 27, 2024, and October 16, 2024.

On March 20, 2025, we issued an order stating that the trial court's January 17, 2025 order modifying child support was appealable, but we stated that if Mother meant to appeal from any other rulings, she should, in her merits brief, "specify each trial court order appealed and its basis of appealability for consideration by the merits panel."

## II.

## DISCUSSION

A.    *Mother Has Failed to Provide an Adequate Appellate Record To Carry Her Burden To Establish Error*

Having reviewed Mother's opening appellate brief, it appears that Mother has responded to our March 20, 2025 order by providing information under the heading "Statement of Appealability."  (Capitalization omitted.) Specifically, under that heading, Mother explains that her appeal is based on the contention that, in ruling on her request to modify child support after proceedings held on October 16, 2024, and January 17, 2025, the trial court incorrectly calculated Father's income and failed to "request" certain "stock statements" that she believes are relevant.  Accordingly, as we understand

3

Mother's argument on appeal, she is challenging the trial court's January 17, 2025 order modifying child support because she disputes the trial court's findings that formed the basis for that order.

To the extent Mother's appellate briefing mentions any other trial court orders, we do not consider them here as Mother has not sufficiently identified any other orders from which she intends to appeal and has not provided any basis for the appealability of any other order. Accordingly, we turn our attention to the trial court's January 17, 2025 order modifying child support.

As we have explained, the appellate record does not contain Mother's request for an order modifying child support that was the subject of the trial court's January 17, 2025 order. The appellate record also does not include reporter's transcripts from the proceedings on October 16, 2024, or January 17, 2025, even though those were the hearings at which the trial court received relevant testimony and evidence, and at which it presumably heard argument from counsel for both Father and Mother and then explained its findings on the record. Further, the appellate record does not appear to contain relevant exhibits presented at the hearings on October 16, 2024, and January 17, 2025.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id.* at p. 609.) " ' "A necessary corollary to this rule is that if the record is inadequate for

4

meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*)

Without a reporter's transcript and exhibits from the two days of court proceedings on Mother's request to modify child support, we are unable to evaluate Mother's contention that the trial court erred when making the findings underlying the modified child support order. By providing an inadequate record for us to evaluate the contentions raised in her appeal, Mother has therefore defaulted on her contention that the trial court erred in the order modifying child support. (*Jameson, supra*, 5 Cal.5th 594 at p. 609.) We accordingly affirm the trial court's January 17, 2025 order modifying child support.

B.      *Father's Request for Sanctions on Appeal*

As a final matter, we note that in Father's respondent's brief, he requests that we impose sanctions on Mother in the amount of $5,000 for having filed, what he describes as a "frivolous and meritless appeal."

Under the governing rules, an appellate court "may impose sanctions . . . on a party or an attorney" for "[t]aking a frivolous appeal or appealing solely to cause delay." (Cal. Rules of Court, rule 8.276(a).) However, "[a] party seeking sanctions on appeal must file a separate motion for sanctions that complies with the requirements of" the applicable rules. (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.) The motion "must include a declaration supporting the amount of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Cal. Rules of Court, rule 8.276(b)(1).) "Sanctions cannot be sought in the respondent's brief." (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.) If the party seeking sanctions

fails to comply with these requirements, it is "not entitled to be heard on the subject." (*Kajima*, at p. 1402; *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127–1128.)

Because Father failed to follow the proper procedure for requesting sanctions, his request is not properly before us, and we accordingly deny it.

DISPOSITION

The January 17, 2025 order modifying child support is affirmed. As the prevailing party, Father shall recover his costs on appeal.

IRION, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.

6