Filed 5/26/26  Radovic v. Milosevic CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| MILICA RADOVIC,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>SLAVISA MILOSEVIC,<br><br>   Defendant and Appellant. | D086565<br><br><br><br>(Super. Ct. No. 37-2020-00020833-CU-BC-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Cynthia A. Freeland, Judge.  Affirmed.

Slavisa Milosevic, in pro. per., for Defendant and Appellant.

Law Offices of Jennifer B. Cottis and Jennifer B. Cottis, for Plaintiff and Respondent.

Slavisa Milosevic appeals from a judgment entered against him following a bench trial.  Because Milosevic has not provided an adequate record on appeal and has not shown error with citations to the record and to legal authority in his briefing, we conclude he has forfeited his claims and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Milica Radovic testified that she and Milosevic were in a " 'business relationship' " or a " 'joint enterprise' " for over 17 years. In 2007, Radovic's son loaned her and Milosevic $51,000. This loan was documented in a note they both signed, which was " 'to be paid back in full within the 90 days starting 09/19/07, with applicable loan interest.' " The parties used the $51,000 loan to purchase property located at 2017 Maxon Street (the Maxon Street Property), which they agreed they would jointly own and operate as an independent living facility (the Maxon Street Project). Radovic testified that Milosevic had agreed to repay the $51,000 loan but did not do so. After about two years, she repaid the loan with interest (for a total payment of $58,407) based on an agreement with Milosevic that he would repay her after he developed and refinanced the Maxon Street Property.

In September 2007, Radovic loaned Milosevic an additional $26,200 to be used on the Maxon Street Property. She said this loan was made as part of their ongoing agreement that he would repay her following completion and refinancing. She then made all the mortgage payments on the property.

Milosevic began to develop the property into an independent living facility in 2017. Toward that end, Radovic loaned him $1,300 and $2,500 in June 2017 to be repaid upon refinancing (trial exhibit 4). In October 2017,

---

[1] Because Milosevic has not provided a reporter's transcript, a settled statement, or any exhibits, we rely on the trial court's recitation of the factual and procedural background of the case, which the court indicated was compiled "from its review of the exhibits admitted at trial and the testimony elicited at trial." We include only the facts necessary to address the issues raised on appeal.

2

Radovic gave Milosevic a cashier's check for $50,000 from an account she jointly owned with her son (trial exhibit 5). The check reflected that it was a loan. Radovic testified that she expected it would be repaid " 'when the business was up and running.' "

Radovic loaned Milosevic another $1,000 for the state licensing application (trial exhibit 6), followed by an additional $1,500 for continued development of the property (trial exhibit 7). In March 2018, Radovic wrote Milosevic a check for $20,000 with "loan" written on the memo line and a repayment date of project completion recorded in the check register notes (trial exhibit 8). The same month, she loaned him at least $10,000 in cash to pay for appliances and day laborers (trial exhibit 9).

In May 2018, the parties executed a document in which Milosevic expressly confirmed that Radovic loaned him $20,000 for construction at the Maxon Street Property and that the loan needed to be repaid (trial exhibits 10 and 11). Radovic testified she then loaned him an additional $5,000 (trial exhibit 11). Milosevic acknowledged at trial that a $30,000 loan made at the end of May to finish the project (trial exhibit 12) was " one of the 'legal ones' " that he had to repay.

Radovic said she loaned Milosevic $3,800 in June 2018 to facilitate the preparation and processing of the independent living application (trial exhibit 13) and another $3,000 in April 2019 (trial exhibit 16). On August 12, 2019, Milosevic acknowledged in a notarized writing that he had borrowed $70,000 from Radovic for the purpose of " 'building a house on Maxson [sic] St 2017.' " This amount included the $20,000 and $30,000 checks from May 2018 and two $10,000 loans from August and September 2018.

After completing the Maxon Street Project in late 2019 or early 2020, Milosevic sold it for $785,000 without Radovic's knowledge or consent and

3

kept the sales proceeds. He made six installment payments of $2,000 each toward the $70,000 he admitted owing.

At trial, Radovic testified that her interactions with Milosevic left her unable to trust people and caused her to suffer stress and sleepless nights. She also indicated that his betrayal of her trust and failure to repay funds she secured from her children adversely affected her relationships with them.

## B. Procedural Background

Radovic's operative second amended complaint alleged causes of action for fraud, equitable lien on real estate, breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing. Milosevic asserted seven employment related causes of action in a cross-complaint.

On August 12, 2022, following Milosevic's repeated failure to respond to discovery requests and orders, the trial court "imposed issue and evidentiary sanctions 'precluding [Milosevic] from introducing evidence or arguments to refute [Radovic's] causes of action for breach of contract and breach of fiduciary duty, and to support [Milosevic's] causes of action for unpaid wages and missed meal and rest breaks.' The court also awarded Radovic $6,010 in additional monetary sanctions." (See *Radovic v. Milosevic* (Feb. 23, 2024, D081145) [nonpub. opn.].) Milosevic appealed this order, and we affirmed. (*Ibid.*)

In April 2025, the trial court granted Radovic's unopposed motion for summary judgment or, in the alternative, summary adjudication, which disposed of the cross-complaint in its entirety. The next month, Radovic requested dismissal of three of the causes of action in the second amended complaint. As a result, the matter proceeded to trial solely on her claims for breach of contract and breach of fiduciary duty.

Following a bench trial, the court concluded Radovic had met her burden of demonstrating that Milosevic breached a contract to repay $70,000. As to her breach of fiduciary duty claim, the court determined that the parties' business partnership constituted a fiduciary relationship, which meant that Milosevic owed Radovic a duty of loyalty, good faith, and fair disclosure. The court concluded Milosevic breached his duty by using the loans for the Maxon Street Project to set up a different independent living facility, not refinancing the Maxon Street Property, not repaying the loans to Radovic in full, and selling the Maxon Street Property without Radovic's knowledge or consent. It calculated her damages as $112,707 and awarded an additional $5,000 in noneconomic damages based on Radovic's testimony that she suffered emotional distress from the breach of fiduciary duty. The court further found it appropriate to award $20,000 in punitive damages under Civil Code section 3294.

## DISCUSSION

### A. Appealability

Milosevic asserts in his notice of appeal and opening brief that he is challenging the trial court's final statement of decision. As we explained in our September 8, 2025 order, a statement of decision is not appealable. (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 901.) Accordingly, we ordered Milosevic to provide the final judgment and then construed the notice of appeal as taken from the judgment, which is appealable. (Cal. Rules of Court, rules 8.100(a)(2), 8.104(d); *Vitkievicz v. Valverde* (2012) 202 Cal.App.4th 1306, 1310, fn. 2.)

Nonetheless, Milosevic also appears to challenge on appeal the trial court's decision earlier in the case to impose issue and evidentiary sanctions in response to repeated discovery violations. This order precluded Milosevic

5

from introducing evidence refuting Radovic's two claims at trial, although the court did allow him to cross-examine her witnesses. To the extent he now seeks to challenge the court's decision again on appeal, he may not do so because we affirmed that order in the prior appeal. (*Radovic v. Milosevic,* D081145.) The law of the case doctrine bars plaintiffs from relitigating issues already decided against them in a prior appeal. (See *Dickinson v. Cosby* (2019) 37 Cal.App.5th 1138, 1153; *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1505.)

## B. Milosevic Has Forfeited His Claims

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) Appellants bear the burden of providing an adequate factual record to support their arguments, and failure to do so requires that the issue be resolved against the appellant. (*Id.* at p. 609.)

In addition to providing an adequate record, " '[t]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Specifically, every brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) Appellants representing themselves on appeal are not excused from following the rules of

6

appellate procedure. (See *County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

Milosevic failed to comply with these requirements and, as a result, has forfeited his claims on appeal. First, he did not provide an adequate record on appeal. Milosevic disputes that the checks and notes in the check register indicate that the payments were loans, but he has not provided this court with the challenged trial exhibits.[2] We also cannot assess his argument that Radovic's claim regarding the purported $51,000 and $26,200 loans was untimely without viewing the documentation of these loans. Likewise, Milosevic did not include the notarized contract in the record to support his contention that he could not have breached the contract because it did not indicate when payments were due.

Milosevic also failed to provide a reporter's transcript or settled statement. "[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court." (*Jameson, supra*, 5 Cal.5th at p. 608.) Here, Milosevic argues Radovic mischaracterized some of the payments as loans when she testified, but as the record does not include a

---

[2] Milosevic did not request that the trial exhibits be included in the clerk's transcript, nor did he provide an agreed or settled statement of the evidence. Exhibits admitted in the trial court become part of the record on appeal if the appellant designates them (Cal. Rules of Court, rules 8.122(a)(3), (b)(3)(B); 8.224(a)(1)) or, if the exhibits have been lost, if the appellant works with respondent to reconstruct them (see *People v. Coley* (1997) 52 Cal.App.4th 964, 969 ["Reconstruction of exhibits is essentially the same as preparing a settled statement for unreported portions of trial proceedings; it provides 'evidence,' for want of a better term, of the trial proceedings."]).

reporter's transcript or a settled statement, we cannot evaluate his claims of trial court error.[3]  The lack of a factual record also undermines our ability to assess his argument that the court's punitive damages award was "arbitrary" and "unfounded."  Milosevic cannot meet his burden to show error on an inadequate record.  Accordingly, we must resolve his challenges to the judgment against him.  (See *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Second, Milosevic provides no legal authority supporting any of his contentions.  For instance, he appears to argue that Radovic's testimony alone is insufficient to sustain an award of emotional distress damages, but he provides no authority for this proposition.  The same is true of his timeliness argument above.  "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' "  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.)

Even if we were disposed to overlook Milosevic's forfeiture, he has not provided argument or evidence that would allow us to find in his favor.  He challenges Radovic's testimony in several respects, but " '[t]he testimony of a single witness may be sufficient to constitute substantial evidence.' "

---

[3]     Absent a reporter's transcript, we also have no way to confirm whether Milosevic raised his arguments that the loans were untimely and mischaracterized at trial.  Arguments not raised in the trial court are generally forfeited on appeal.  (See *JJD-HOV Elk Grove LLC v. Jo-Ann Stores, LLC* (2024) 17 Cal.5th 256, 270; see also *San Diego Municipal Employees Assn. v. Superior Court* (2012) 206 Cal.App.4th 1447, 1462 [" 'Under familiar general rules, theories not raised in the trial court may not be raised for the first time on appeal.' "].)

(*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613; see *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.) To the extent he claims inadequate evidence of formal loan agreements exists for some of the payments Radovic made beyond the $70,000 Milosevic concedes he contracted to borrow, he has not cited authority demonstrating that evidence of particular written instruments is required to support a breach of fiduciary duty claim.

Milosevic also provides alternate explanations for some of the payments. For example, he asserts the $26,000 and $51,000 loans were "only fictitious for reasons known to us," and that the $51,000 was "not a real loan, only was made like a loan for personal interest for both Parties." He also speculates that Radovic used the $5,000 for "her addiction to the Casino or something else." We may not consider these new factual allegations on appeal. The summary of significant facts recited in an opening brief should be limited to matters in the record. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Absent the existence of exceptional circumstances, which Milosevic has not demonstrated here, appellate courts generally may not consider new evidence offered for the first time on appeal. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' "].) That is particularly true in this case because the trial court's prior sanctions order, affirmed by this court on appeal, expressly forbid him from entering evidence related to Radovic's breach of contract and breach of fiduciary duty claims.

Furthermore, Milosevic essentially asks us to weigh Radovic's testimony, credibility, and evidence differently on appeal, which we cannot

do. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 188.) Consequently, because no error is apparent on the face of the existing appellate record, we presume the testimony and evidence supported the trial court's factual findings. (See *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 575 [" ' "all intendments and presumptions must be in support of the judgment [citation] [citation] . . . and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it . . . ." ' "]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*"]; Cal. Rules of Court, rule 8.163.)

### C. Radovic's Request for Sanctions on Appeal

As a final matter, we note that in Radovic's respondent's brief, she indicated she would be making a motion for sanctions based on the frivolousness of Milosevic's appeal and the discovery statutes upon which the August 12, 2022 discovery order was based, including Code of Civil Procedure sections 2023.010, 2023.020, 2023.030, and 2031.300. Although she provided some argument in support of such sanctions in her brief, she did not file a separate motion for the same.

Under the governing rules, an appellate court "may impose sanctions . . . on a party or an attorney" for "[t]aking a frivolous appeal or appealing solely to cause delay." (Cal. Rules of Court, rule 8.276(a).) But "[a] party seeking sanctions on appeal must file a separate motion for sanctions that complies with the requirements of" the applicable rules. (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.) The motion "must include a declaration supporting the amount

10

of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Cal. Rules of Court, rule 8.276(b)(1).) "Sanctions cannot be sought in the respondent's brief." (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919.) If the party seeking sanctions fails to comply with these requirements, it is "not entitled to be heard on the subject." (*Kajima*, at p. 1402; *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127–1128.)

Because Radovic did not follow the proper procedure for requesting sanctions in a timely manner, her request is not properly before us, and we accordingly deny it.

## DISPOSITION

The judgment is affirmed. Radovic is entitled to her costs on appeal.


BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.

11